Coppock
v.
Burkhart.

(1) Vide *Elwell* v. *Tucker*, Vol. 1 of these Rep. 285.—*Blackwell* v. *The Board of Justices of L. County*, 2 id. 143.

---

Ex parte Knight.—In error.

Saturday, December 31.

---

Coppock *v.* Burkhart.

If the payee of a promissory note refuse to comply with the condition upon which the note was made payable to him, he cannot sustain a suit against the maker on the note.

Saturday, December 31.

ERROR to the *Marion* Circuit Court.

Blackford, J.—Debt by *Burkhart* against *Coppock* before a justice of the peace on a promissory note. Pleas, *nil debet*, and a failure of consideration. Judgment by the justice for the defendant. The plaintiff appealed to the Circuit Court. Judgment by the Circuit Court, without a jury, for the plaintiff.

The facts are these: *Burkhart* sold *Day* a lot of ground in *Indianapolis*, and gave him a title-bond, conditioned for a conveyance of the lot when the purchase-money should be paid; and *Day* gave his notes to *Burkhart* for the purchase-money. After this, the defendant bought the lot of *Day*, and

took from him an assignment of the title-bond. As the price of the lot, the defendant agreed to pay off the notes given by *Day* to *Burkhart;* and, to effect that purpose, he executed his notes for the price of the lot, and made them payable to *Burkhart.* *Day* took the notes thus given by the defendant, and offered them to *Burkhart;* but *Burkhart* refused to receive them in exchange for *Day's* notes. *Day* then, without the defendant's knowledge or consent, purchased a horse of *Burkhart,* and gave him the defendant's notes in payment. Subsequently to these transactions, the defendant paid *Burkhart* for the lot, took up *Day's* notes, and received, by *Burkhart's* authority, a deed for the lot.

*Burkhart* now sues the defendant on one of the notes executed by him under the circumstances which we have just mentioned.

It appears to us, that the plaintiff has no right to recover in this action. The record shows, that there was a precedent condition to be performed by him, before he could be entitled to the defendant's notes. The condition was, that the plaintiff should give up *Day's* notes in exchange for the defendant's, and hold the defendant's notes for the purchase-money of the lot. With this condition the plaintiff refused to comply, and compelled the defendant, before he would procure him a deed for the lot, to pay off *Day's* notes in cash. It is evident, that the consideration which induced the defendant to execute his notes, was, that the payee should deliver up *Day's* notes. The consideration was an executory one, and the payee has refused to perform it. Under these circumstances, there is a total failure of the consideration for which the notes were given, and this suit, which is founded on one of them, cannot be supported. The defendant has already paid the plaintiff once for the lot, and he must pay him for it a second time, if the plaintiff can recover on the notes in question. That cannot be the legal effect of the defendant's contract.

The circumstance that *Day* exceeded his authority, and delivered the defendant's notes to the plaintiff in payment for a horse, is of no consequence to the defendant. That is a matter to be settled between the plaintiff and *Day.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Nov. Term,
1836.

J. *Morrison*, for the plaintiff.
W. *Quarles*, for the defendant.